LUIS GUADALUPE PÉREZ, Administrator of the estate of VICEN- TE IRIZARRI LUGO, Plaintiff and Appellant, v. BARTOLOMÉ ZEDA, Defendant and Appellee.

No. 3865. Argued April 6, 1926.—Decided April 20, 1926.

*Luis Mercader* for the appellant. *G. Zeno Sama* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is an action of revendication and for the recovery

of profits brought by the administrator in the names of certain heirs. In the complaint it is alleged that Vicente Irizarri died intestate in Utuado on March 28, 1901; that a declaration of heirship was made in favor of his children named in the complaint; that on October 8, 1919, the plaintiff was appointed administrator of the estate, and that about eight years before the defendant appropriated to himself a parcel of land of an area of 11 hectares belonging to the estate, which land the said defendant was then holding and enjoying.

The defendant demurred to the complaint on the ground that the plaintiff lacked legal capacity to sue because "his power is limited only to acts of administration and he can not assume the representation of the heirs of the said deceased for bringing an action which accrues to them only."

On this ground the trial court sustained the demurrer and dismissed the complaint, granting a period of ten days for amendment. The plaintiff objected to this ruling and moved the court to enter judgment, whereupon the court dismissed the complaint with costs.

In support of the appeal the appellant invokes section 51 of the Act relating to Special Legal Proceedings, as follows:

"It shall be the duty of the administrators and while they are being appointed, of the executors, to represent the decedent in all legal proceedings begun by or against him before his death, and in those which may be instituted afterwards by or against the inherited estate. Actions or proceedings brought by or against the decedent shall be stayed by his death until the executor takes charge or an administrator is appointed; and the executor or administrator shall be substituted as a party in the action."

By a fiction of the law the administrator is the legal continuation of the decedent's personality and hence his authority to represent him in all actions brought against the estate or to bring such actions as lie in benefit thereof. But this continuation of the personality of the decedent is limited to the period between his death and the declaration

of heirship. After this the power of the administrator is limited, as in testamentary proceedings, to acts of mere administration and to those that are indispensable in the fulfilment of his duties as such.

Manresa, in his commentaries on the Law of Civil Procedure, from which the Law of Special Legal Proceedings is taken, makes a comparative study of the powers of an administrator in intestate and testamentary proceedings, commenting as follows:

"As in intestate succession no one has the personality to represent the inherited estate until the declaration of heirship is made by a final judgment, it was necessary for the law to determine who was to have that representation in the meantime for the assertion of rights concerning the assets and liabilities of the inherited estate, and that was done by the said section 1008 which conferred it upon the administrator of the estate. That circumstance does not exist in the testamentary proceedings where the heirs are known, and it is just and proper to allow them to intervene in all that interests them, limiting the power of the administrator to acts of mere administration and to those that are indispensable for the fulfilment of his duties as such. This is why it is provided in section 1097 that section 1008 above cited, which determines the powers of the administrator in intestate proceedings, is not applicable to testamentary proceedings which are governed by section 1098 providing that 'the administrator in a testamentary proceeding shall have the representation of the inheritance only in all that relates directly to the administration of the estate, its custody and maintenance, and to that end he can and shall take all the necessary steps, exercising the necessary actions.' " 4 Manresa, Law of Civil Procedure, page 496.

In the complaint it is alleged that after the death of Vicente Irizarry the declaration of heirship was made in favor of his children and the administrator's lack of legal capacity to bring this action is clear, the leave granted by the lower court to amend being futile because the complaint is not subject to amendment.

The judgment appealed from must be affirmed.